# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA TODD, individually and as heir of NATHAN GENE PIERCE, deceased | § § § | |
| V. | § § | CASE NO 4:13-CV-574 (Judge Clark/Judge Mazzant) |
| GRAYSON COUNTY, TEXAS, J. KEITH GARY, and STEPHEN ROBERT SLOAN | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Barbara Todd's Motion for Leave to File Amended Complaint, and Motion for Entry of New Scheduling Order to Extend Deadlines (Dkt. #28). After reviewing the motion, the response, and the relevant pleadings, the Court finds the motion is denied.

## BACKGROUND

In her motion, Plaintiff requests leave to file an amended complaint to clarify the nature of her allegations, and to specify the parties to whom each cause of action applies. Plaintiff also states that her originally designated expert, Robert B. Greifinger is no longer available to serve in the capacity of expert witness, and she requests an order that extends the deadlines for the parties to designate experts and to conduct discovery. Plaintiff seeks an extension of two weeks (until July 3, 2014) to designate her new expert witness and an additional two months (until August 19, 2014) to complete discovery.

## ANALYSIS

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Federal Rule of Civil Procedure 16(b), states that a schedule may be modified for "good cause." *Id*. The Fifth

1

Circuit has establish four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003). To establish "good cause" a party must show that it "could not have met the deadline despite its diligence" along with satisfaction of the four-part test. *S&W Enters.*, 315 F.3d at 536-38.

Plaintiff provides no explanation for the failure to timely move for leave to amend. By way of explanation, Plaintiff states "Plaintiff had not realized that the nature in which the causes of action had been pleaded were confusing in regard to the actors/parties and the policies at issue" (Dkt. #28 at 3). This does not explain why Plaintiff failed to move for leave to amend her complaint, and that there was no reason for the failure to timely move for leave. Plaintiff filed her complaint on September 27, 2013, and had until April 14, 2014, to amend her complaint without leave of Court. Further, Plaintiff was on notice at least on April 28, 2014, that her pleadings were confusing, as that is the date Defendants filed their motion for judgment on the pleadings and summary judgment. Yet, Plaintiff waited until June 26, 2014, to even file this motion seeking leave to amend. When a party does nothing to show that despite its diligence it could not have met the deadline, good cause does not exist. *See Drummond Am. Corp. v. Share Corp.*, No. 4:08-cv-393, 2009 WL 3677167, at *2 (E.D. Tex. Oct. 30, 2009); *see also EEOC v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012). Plaintiff offers no reason for her failure to timely amend her complaint. The facts asserted in Plaintiff's proposed amended complaint have not changed, Plaintiff conducted no discovery, and Plaintiff waited six weeks from the date

she notified the Court that she intended to request leave to amend to even file the motion. Consideration of the first factor weighs in favor of denying Plaintiff's motion.

Plaintiff does not address the second factor, the importance of the proposed amendment to her complaint. The Court will assume that Plaintiff considers these amendments important.

As for the third factor, Defendants argue, and the Court agrees, that the prejudice to Defendants would be substantial. Plaintiff's proposed amended complaint includes new causes of action that were not included in her original complaint. Plaintiff seeks to add 42 U.S.C. § 1983 claims against Defendant Sloan and the County based on the use of excessive force, although in her summary judgment response, she repeatedly denies the fact that she is asserting an excessive force claim. Plaintiff also seeks to add 42 U.S.C. § 1983 claims against the County and Sheriff Gary for the failure to properly supervise and/or train officers, claims that Sheriff Gary was deliberately indifferent to the rights of mentally ill and/or disabled individuals, contentions of an unconstitutional informal custom, practice, or policy of the County regarding the use of deadly force, a claim that the alleged failure to train fits under the "single incident" exception, and a request for declaratory relief. This is essentially a new lawsuit with new claims against the Defendants, and would require Defendants to start over with regard to discovery and other procedural matters. Although Plaintiff asserts that this would not alter the scheduling order, she is incorrect. Defendants would need to file an additional dispositive motion. Also, this amendment would require the current trial setting to be moved, which would cause unnecessary delay and additional expense to Defendants. This Court has a heavy case load, and continuances are generally not available so that the Court has adequate time to rule on motions before its cases proceed to trial. Other courts have found that prejudice is significant when a defendant has filed a summary judgment motion before a motion for leave to amend is filed.

*Conklin v. Novartis Pharmas. Corp.*, No. 9:11cv-178, 2012 WL 4127295, at *6 (E.D. Tex. Sept. 18, 2012); *Miller v. Team Go Figure, LLP*, No. 3:13-cv-1509-O, 2014 WL 1909354, at *21 (N.D. Tex. May 13, 2014) (citing *Overseas Inns S.A. P.A. v. U.S.*, 911 F.2d 1146, 1151 (5th Cir. 1990) ("To grant… leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint… A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint.")). Thus, for these reasons, the Court finds the third factor weighs heavily against allowing leave to amend.

Finally, as to the fourth factor, a continuance would not cure the prejudice to Defendants at this late juncture. Defendants have already extended time and resources on briefing their summary judgment motion. Continuing the case would require all scheduling order deadlines be reopened, most of which have already expired, and force Defendants to engage in further discovery. Further, as noted above, the Court's case load is heavy, and continuances are generally not available so that the Court can efficiently manage its docket.

Plaintiff also argues that Federal Rule of Civil Procedure 15 allows for amendment of her pleadings. However, Rule 15 only applies if Plaintiff meets the good cause standard of Rule 16, which Plaintiff has not met here. *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Therefore, the Court finds that Plaintiff's motion for leave to file an amended complaint is denied.

As to Plaintiff's motion for entry of new scheduling order, the Court finds that this motion also should be denied. The Fifth Circuit test for considering if an untimely designated expert should be excluded is as follows: "(1) the explanation by the party who failed to comply with the scheduling order; (2) the prejudice to the party opposing the designation; (3) the

possibility of curing any prejudice with a continuance; and (4) the importance of the witness' testimony." *Liles v. TH Healthcare, LTD*, No. 2:11-cv-528-JRG, 2014 WL 1760879, at *1 (E.D. Tex. May 2, 2014). Again, Plaintiff failed to explain why she waited until three months after her expert designation deadline and almost two months after the dispositive motion deadline to request an extension to designate a new expert witness. Plaintiff knew she would need to seek leave to designate another expert at least prior to May 12, 2014, as she included such statements in her summary judgment response; however, she did not file the current motion until June 20, 2014. Plaintiff has provided no information about the opinions of the new expert witness, and has not indicated the importance of his testimony. As noted above, the prejudice to Defendants would be significant, and a continuance cannot cure the prejudice. Therefore, the Court finds that Plaintiff's motion for entry of new scheduling order is denied.

## CONCLUSION

Based on the foregoing, the Court finds Plaintiff Barbara Todd's Motion for Leave to File Amended Complaint, and Motion for Entry of New Scheduling Order to Extend Deadlines (Dkt. #28) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 10th day of July, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE