**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA TODD, INDIVIDUALLY AND AS HEIR OF NATHAN GENE PIERCE, DECEASED, | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 4:13-CV-574 |
| GRAYSON COUNTY, TEXAS, J. KEITH GARY, and STEPHEN ROBERT SLOAN | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On July 10, 2014, the United States Magistrate Judge issued ihis report and recommendation [Doc. #32], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant's Motion for Judgment on the Pleadings and, In the Alternative, Motion for Summary Judgment [Doc. #16] be granted.

In its report and recommendation, the Magistrate Judge concluded that Plaintiff's claims arising under the Texas Tort Claims Act and 42 U.S.C. § 1983 should be dismissed in their entirety. The Magistrate Judge noted that Plaintiff failed to plead that Grayson County had an unconstitutional policy that caused Pierce to be deprived of a federally protected right, and recommended that it be dismissed for failure to state a claim and for lack of summary judgment evidence. The Magistrate Judge also recognized that Plaintiff failed to state a claim under 42 U.S.C. § 1983 against Sheriff J. Keith Gary ("Sheriff Gary") and Sergeant Stephen Robert Sloan

("Sergeant Sloan"), and even Plaintiff acknowledged that "she inadvertently failed to assert her § 1983 cause of action against Sergeant Sloan or Sheriff Gary in their individual capacities" [Doc. #18 at 17]. The Magistrate Judge also found that even if a claim had been properly asserted against these Defendants, summary judgment should be granted on these claims because there was no evidence that Sheriff Gary participated in the wrongful act, and that Sergeant Sloan was entitled to qualified immunity. Finally, the Magistrate Judge found that Plaintiff's claims under the Texas Tort Claims Act should be dismissed because Plaintiff's claim is for an intentional tort, and barred by the Texas Tort Claims Act.

Plaintiff first objects to the facts as set forth in the Magistrate Judge's Report and Recommendation. Plaintiff contends that the Magistrate Judge omitted four facts as alleged by Plaintiff, which the Magistrate Judge was required to consider under both the legal standard for judgment on the pleadings and summary judgment motions. Plaintiff states that (1) she disputes the fact that the use of handcuffs is required by County policy; (2) she disputes that there were no law enforcement facilities or other secure facilities in the area where Sergeant Sloan could have stopped to allow Pierce to use the restroom; (3) she disputes that there was traffic on the road that Sergeant Sloan feared; and (4) she disputes that Sergeant Sloan actually felt threatened by Pierce. However, contrary to Plaintiff's assertion that the Magistrate Judge failed to consider these facts, the Magistrate Judge clearly addressed each one of these facts in his report and recommendation, ultimately finding that none of these disputed facts, even if true, were material to the questions raised in the motion before the court [Doc. #32 at 15 n.6]. It is immaterial that the Magistrate Judge did not include these specific facts in the section designated as the "Background" section. Further, Plaintiff acknowledges that she has no evidence of these facts, only that she "disputes" them and will supplement her evidence later. The Magistrate

Judge recommended the dismissal of Plaintiff's claims for both the failure to state a claim and for lack of evidence at summary judgment. If the summary judgment movant bears its burden to show that there is an absence of evidence to support the nonmovant's case, the nonmovant must adduce affirmative evidence indicating with particular facts a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986). Plaintiff failed to meet her burden, attached no evidence to her response, and was unable to survive summary judgment. Plaintiff's objection is overruled.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff was not entitled to a request for continuance to amend the pleadings, obtain a new scheduling order, complete further discovery, and secure a new expert report. The Magistrate Judge concluded that this request was essentially a Federal Rule of Civil Procedure 56(d) request for continuance, and denied the request.

Plaintiff ignores the fact that, as the Magistrate Judge pointed out, this motion for continuance is not properly before the Court. Plaintiff does not object to or address this finding. In addition, in considering Plaintiff's motion under Rule 56(d), the Magistrate Judge found that:

> Plaintiff had almost seven months from the time of filing her lawsuit to amend her pleadings without seeking leave of court. Further, Defendants' answer put Plaintiff on notice that Defendants claimed that Plaintiff failed to state a claim, and Plaintiff had over five months after Defendants' answer to amend her complaint without seeking leave of court. Plaintiff has also had ample time to conduct necessary discovery, and to secure an expert. In fact, Plaintiff's original retained expert was not properly designated, and the Court struck the expert for this reason (Dkt. #24). The Court was only made aware of Plaintiff's new expert, as late as June 26, 2014, and Plaintiff has not yet obtained a report and still hopes to complete additional discovery for the expert to review (Dkt. #28).
>
> Plaintiff offers the Court no reason why she failed to amend her complaint prior to the dispositive motion deadline, and why she failed to take the allegedly necessary discovery in the first place. Plaintiff's complaint was filed on September 27, 2013, a scheduling order was entered on January 14, 2014, and this case is currently set for trial in September of 2014. Neither party has moved for a

> continuance; however, a continuance is generally unavailable given the high number of cases in the Sherman division and the necessity of efficiently managing the Court's heavy docket. Further, Defendants have relied on the scheduling order and made an appropriate motion for judgment on the pleadings and summary judgment. To require Defendants to reengage in this process after relying on the arguments made or not made by Plaintiff, and following the Court's orders would be extremely prejudicial. Defendants' have raised the defense of qualified immunity which entitles them to a resolution as soon as practicable to avoid the expenses and burdens of discovery and trial. Thus, the Court finds that even if it were to consider Plaintiff's motion for continuance, the motion should be denied.

[Doc. #32 at 11-12]. Plaintiff also does not address these findings, arguing only that the "discovery period was only five and seven months at the time of the Report, no other continuances had been requested, and the original expert, with no fault of the plaintiff, inexplicitly [sic] withdrew from serving" [Doc. #33 at 4]. Plaintiff still does not address why she should be entitled to a continuance of a ruling on the summary judgment motion, and her objection is overruled.

Plaintiff next objects to the Magistrate Judge's recommendation that Plaintiff's claim under 42 U.S.C. § 1983 be dismissed for failure to state a claim. Plaintiff contends that she identified a violation of a constitutional right, which is Pierce's right to be free from deliberate indifference towards his serious psychological need by Grayson County. Plaintiff urges this court to find that Pierce had a constitutional right to be transported in a safe environment and that Defendants had an affirmative constitutional obligation to protect him.

Plaintiff again misses the central finding of the Magistrate Judge's report and recommendation, which is that Plaintiff failed to plead that Grayson County had an unconstitutional policy that caused Pierce to be deprived of a federally protected right, and that Plaintiff failed to plead how any policy or custom was the "moving force" behind Pierce's death. "[R]espondeat superior does not apply to municipalities for claims under § 1983." *Deville v.*

*Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Instead, liability may be imposed "only where [the government entity] *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95) (emphasis in original). Thus, in order to hold the City liable under Section 1983, Plaintiff must establish that the "execution of [the City's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Deville,* 567 F.3d at 170. "Official policy is:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). "Moreover, when proceeding under § 1983, 'each and any policy which allegedly cause constitutional violations must be specifically identified by a plaintiff.'" *Akins v. Liberty County*, No. 1:10-cv-328, 2014 WL 105839, at *9 (E.D. Tex. Jan. 9, 2014) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Therefore, for Section 1983 liability to attach, a plaintiff must demonstrate three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id*. (citing, *inter alia*, *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005)). The Magistrate Judge correctly held that Plaintiff's pleadings failed to state a claim under 42 U.S.C. § 1983, and Plaintiff offers no reason for this court to disturb this finding. Plaintiff's objection is overruled.

Plaintiff also objects to the Magistrate Judge's finding that Defendants' motion for summary judgment should be granted. Plaintiff refers to the alleged "four disputed issues of fact" discussed above, which the Magistrate Judge considered and found irrelevant to his analysis. Further, Plaintiff ignores that fact that she did not provide any evidence of these purported factual disputes. Plaintiff also states that the Magistrate Judge incorrectly asserted that no evidence was presented concerning Pierce's serious psychological needs. Plaintiff points to the affidavit of one of the psychologists who recommended that Pierce be admitted to North Texas State Hospital for evaluation. However, contrary to Plaintiff's assertion, this affidavit contains no information about what psychological needs Pierce had or how he needed to be cared for in a particular way during his transport. The Magistrate Judge acknowledged and accepted as true the fact that Pierce was mentally ill and needed transport to a facility for further treatment; however, it is impossible for the Magistrate Judge, or anyone else, to conclude what Pierce needed in the way of services. There is no hint that needed services required that Pierce should not be allowed a free hand to urinate, The objection is overruled.

Plaintiff also objects to the Magistrate Judge's recommendation that Plaintiff's 42 U.S.C. § 1983 claims against Sheriff Gary and Sergeant Sloan be dismissed and summary judgment granted. Plaintiff asserts that the Magistrate Judge made improper factual findings, which are the province of the jury. Specifically, Plaintiff contends that the Magistrate Judge improperly concluded that Sheriff Gary had no personal involvement, and argues that the affidavit of Sheriff Gary establishes that he was personally involved in the deprivation of rights.

The court notes that the Magistrate Judge recommended that Plaintiff's Section 1983 claims against these two defendants be dismissed because Plaintiff failed to state any claims against them in his complaint. Plaintiff acknowledged this omission, and does not object to this

finding of the Magistrate Judge. "A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation." *Williams v. Bowie County Correctional Ctr. Sheriff Prince*, No. 5:12cv20, 2012 WL 6162286, at *7 (E.D. Tex. Oct. 23, 2012) (dismissing the plaintiff's claims against the defendant sheriff when the pleadings did not show the sheriff was involved in any way in the events at issue and when the plaintiff did not establish any of these grounds for supervisory liability); *see also Martinez v. Maverick Cnty*, 507 F. App'x 446 (5th Cir. 2013). Sheriff Gary's affidavit does not establish that he was personally involved in the constitutional deprivation alleged here, which is the right to life and the right to bodily integrity. It is undisputed that Sheriff Gary was not involved in the transport, was not present on the van, was not present at the rest stop location, and did not shoot Pierce. The only involvement alleged by Sheriff Gary in his affidavit is his awareness of the policies of Grayson County transports, and the procedures for providing psychological assistance to individuals in custody. This is not sufficient to show personal involvement in a constitutional deprivation. Plaintiff's objection is overruled.

Plaintiff also objects to the Magistrate Judge's finding that Sergeant Sloan is entitled to qualified immunity. Plaintiff asserts that the question of whether Sergeant Sloan's actions were objectively reasonable is a fact-intensive inquiry, and she disputes that his actions were reasonable. The burden is on the plaintiff seeking to defeat qualified immunity to show (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th

Cir. 2011). As the Magistrate Judge noted, as a general rule, a court should not reserve the objectively reasonable prong of the qualified immunity standard as a fact question for the jury. *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). Rather, as a general rule, "in evaluating a claim of qualified immunity, the district court is to make a determination of the objective reasonableness as a matter of law." *Id.* That said, in those circumstances when there are "underlying historical facts" in dispute that are "material to the resolution of the questions whether the defendants acted in an objectively reasonable manner," the court cannot make a determination on the objective reasonableness and by extension, the applicability of qualified immunity. *Id.*; *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993) ("Rule 56 still has vitality in qualified immunity cases if the underlying historical facts in dispute that are material to the resolution of the questions whether the defendants acted in an objectively reasonable manner in view of the existing law and facts available to them."); *Johnston,* 14 F.3d at 1061 (denying summary judgment on the basis of qualified immunity where the parties had different versions of what had occurred on material issues). The Magistrate Judge noted that there were several facts that were undisputed by Plaintiff, especially given the fact that no evidence was submitted by Plaintiff in support of her claims. Plaintiff does not offer even an alternate version of the facts or alleged that something, other than what has been alleged by Defendants, occurred. There are simply no facts indicating that the actions of Sergeant Sloan were unreasonable. Plaintiff's objection is overruled.

Plaintiff objects to the finding of the Magistrate Judge that her claims arising under the Texas Tort Claims Act should be dismissed. Plaintiff's objection states:

> The Report states "As explained above, Sloan's use of deadly force against Pierce was objectively reasonable under the circumstances. Plaintiff has offered no evidence to demonstrate to the contrary." (Dkt. 32, page 23) The Court had sufficient evidence as noted above in Plaintiff's Objection to the

Recommendation that Sloan is Entitled to Qualified Immunity Pursuant to 42 U.S.C. § 1983.

[Doc. #33 at 11]. Plaintiff's objection is confusing, and difficult to understand. The Magistrate Judge found that Plaintiff could not assert her claims under the Texas Tort Claims Act because her allegations are that Sergeant Sloan intentionally shot Pierce with his service weapon. This is an intentional tort, for which the waiver of immunity contained in the Act does not apply. TEX. CIV. PRAC. & REM CODE § 101.057(2); *Goodman v. Harris County*, 571 F.3d 388, 394 (5th Cir. 2009). Although, Plaintiff attempts to phrase her allegations in terms of negligence, Plaintiff cannot avoid the fact that she is alleging Sergeant Sloan committed an intentional act when he shot Pierce. Plaintiff does not object to this finding, and Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #32] is adopted, and Defendant's Motion for Judgment on the Pleadings and, In the Alternative, Motion for Summary Judgment [Doc. #16] is **GRANTED.** Accordingly, Plaintiff's claims for violations of the Texas Tort Claims Act and 42 U.S.C. § 1983 are dismissed with prejudice.

So **ORDERED** and **SIGNED** this **20** day of **August, 2014.**

Ron Clark

Ron Clark, United States District Judge